IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:24-cr-40 |
| FABIAN PAUL OSKIERKO, | |
| Defendant. | |

JOINT MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorneys, Lindsay Halligan, United States Attorney for the Eastern District of Virginia, and Devon E.A. Heath, Assistant United States Attorney, along with the defendant, Fabian Paul Oskierko, by and through counsel, Michael Tagliabue, move this Court to continue the jury trial, currently scheduled for December 8, 2025.

This matter is currently set for a jury trial on December 8, 2025. The indictment charges the defendant with five counts of transporting child pornography. ECF No. 3. The defendant made his initial appearance in this district on October 22, 2025, and is currently on bond. ECF Nos. 8, 14.

Subsequent to the defendant's arrest, the government obtained two additional search warrants, and the United States has recently become aware of new information that pertains to the potential for bringing a new criminal charge.

The United States immediately notified defense and as of November 24, 2025, has provided additional discovery. This includes a search warrant return from Instagram, received November 24, 2025, and a cell phone extraction received November 21, 2025, that needs reviewed not only by defense but by agents.

On November 24, 2025, defense counsel came to the United States Attorney's Office to review discovery, to include the cellphone extraction, but at the time, the Instagram return (which pertains to the possible new charge) was not available.

On November 24, 2025, the parties also met to discuss the new information regarding a new criminal charge, the upcoming trial date, and possible resolutions of the current indictment. Counsel for the United States informed defense counsel that if the search warrant returns supported the new criminal charge anticipated by the United States, then such a charge would have to be brought, regardless of the resolution of the current indictment.

Accordingly, the parties jointly request that the Court continue the trial date currently set for December 8, 2025. Whether to grant a continuance is within the broad discretion of the district court. *See, e.g.*, *United States v. Cronic*, 466 U.S. 648, 662-66 (1984); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995).

The Speedy Trial Act provides that delays may be excluded from the speedy trial calculation where the court finds "that the ends of justice served by . . . granting [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act outlines factors a court must consider in determining whether to grant a motion for a continuance, including:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would . . . unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B).

Here, the ends of justice served by continuing the trial outweigh the interests of the public

and the defendant in a speedy trial. *Id.* The parties are not seeking a continuance simply for the sake of delay. Both parties need additional time to review the newly received discovery to effectively prepare for trial, and the United States has advised defense of their intention to Supersede with the additional criminal conduct. Furthermore, the parties cannot meaningfully engage in plea negotiations due to the possibility of a new criminal charge that would have to be brought regardless of the resolution of the current indictment.

The parties believe this continuance will not result in any prejudice to the defendant or to the court's trial processes, as it eliminates the need for an additional trial in the future should a new charge be brought, and the defendant remains on bond. Accordingly, the United States requests that the Jury Trial date of December 8, 2025, be continued to a mutually agreeable date determined by the Court and the parties.

.

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

By: _____/s/_____
Devon E.A. Heath
Assistant United States Attorney
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
Email: devon.heath@usdoj.gov

SEEN AND AGREED: _____/s/_____
Michael Tagliabue, Esq.
Assistant Public Defender
Counsel for Fabian Paul Oskierko

Office of the Federal Public Defender
Eastern District of Virginia
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Michael_Tagliabue@fd.org

4

CERTIFICATE OF SERVICE

I certify that, on the 25th day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of such filing (NEF) to all parties of record.

/s/ .
Devon E.A. Heath
Assistant United States Attorney
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: devon.heath@usdoj.gov